**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHEN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **RODSDRICKE MARTIN,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | |
| | § | **CIVIL ACTION No. 4:24-cv-00480-P** |
| **CITY OF FORT WORTH,** | § | |
| **KIMBERLY BRUMELY AND TEXAS** | § | |
| **HEALTH RESOURCES CORPORATION** | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AFTER REMOVAL TO FEDERAL COURT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Rodsdricke Martin, Plaintiff, complaining of and about City of Fort Worth, Texas Health Resources Corporation, and Kimberly Brumley hereinafter called Defendants, and for cause of action shows unto the Court the following:

**DISCOVERY CONTROL PLAN LEVEL**

1.     Pursuant to Federal Rule of Civil Procedure 26(f)(2), Plaintiff, by and through counsel, will work with all parties to develop a proposed discovery plan.

**PARTIES AND SERVICE**

2.     Plaintiff, Rodsdricke Martin, an individual and resident of Tarrant County, Texas, brings this action individually.    Plaintiff can be contacted via the undersigned counsel.

3.     Defendant, City of Fort Worth is a governmental agency, and may be served with process by serving its City Secretary, Jannette Goodall with process at 200 Texas St., Fort Worth, TX 76102 or wherever she may be found.   The City of Fort Worth is represented by counsel and removed this matter to federal court.   A summons is not necessary at this time.

4.     Defendant, Texas Health Resources is a Texas Corporation.  Texas Health Resources may

be served with process by serving its registered agent Donald B. Collins at 612 E. Lamar St., Suite 1400, Arlington, TX 76011 or wherever he may be found. Texas Health Resources is represented by counsel and has already answered in this cause. A summons is not necessary at this time.

5.      Defendant, Kimberly Brumley is an individual and can be served with process by personal service by delivering the citation to her at 6100 Harris Parkway, Fort Worth, TX 76132 or wherever she may be found. Plaintiff requests that a summons be issued for Defendant Kimberly Brumley.

## STANDING & CAPACITY

6.      Plaintiff has standing and capacity to bring this complaint. To the best of Plaintiff's knowledge the correct defendants have been sued in this matter.

## JURISDICTION

7.      The matters giving rise to this complaint in the Northern District of Texas in Fort Worth, Texas. Some of the matters giving rise to this complaint pertain to issues of federal law.

8.      This amount in controversy exceeds $75,000, excluding interest and cost.

## RELIEF SOUGHT

9.      Plaintiff seeks a combination of monetary and monetary relief. More specifically, seeks monetary relief only from Defendants, Texas Health Resources Corporation and Kimberly Brumley. Plaintiff seeks monetary relief and restoration of employment from Defendant, City of Fort Worth. Alternatively, Plaintiff seeks to have Defendant, City of Fort Worth relinquish control of Plaintiff's Texas Peace Officer license so that Plaintiff can obtain employment as a peace officer in another city.

## STATEMENT OF CLAIM

10.      Plaintiff, Sgt. Rodsdricke Martin, is a 16-year veteran of the Fort Worth Police

Department, honorably discharged United States Navy Combat Veteran, and Master Peace Officer. Sgt. Martin joined the Fort Worth Police Department in 2006 after completing active-duty service in the United States Navy.  In addition to his work with the Fort Worth Police Department, like many other officers, Sgt. Martin worked a part-time job providing security when he was not on duty for the City of Fort Worth.

11.     On January 15, 2022, Sgt. Martin was working an approved off-duty job providing security at Texas Health Hospital in Fort Worth, Texas.  During the course of his January 15, 2022, shift at Texas Health, Sgt. Martin was notified by a Texas Health employee – Kimberly Brumley – acting in the course and scope of her employment that a patient was in possession of child pornography. It should be noted that at that point Ms. Brumley had not actually seen the patient's computer.  A subsequent investigation did not reveal child pornography on the patient's computer.   Upon getting the notification from Ms. Brumley, which included the patient's name and date of birth, Sgt. Martin ordered that a criminal background check be conducted on the patient.  The background check revealed the patient had no criminal history and was not a registered sex offender.  After getting the background information, Sgt. Martin walked to the patient's room, received permission to enter the room and advised the patient of the reason for Sgt. Martin's presence in the patient's room. Ms. Brumley accompanied Sgt. Martin to the patient's room.  A second Texas Health employee later joined Sgt. Martin and Ms. Brumley.  The patient granted Sgt. Martin permission to view the images on his computer.  Upon looking at the images, Sgt. Martin, a Master Peace Officer and at the time a 16-year veteran of the police department with extensive experience and understanding of the Texas Penal Code, realized the images on the patient's computer, while distasteful to Sgt. Martin, did not meet the definition of child pornography as defined by section 43.26(a)(1) of the Texas Penal Code.  Further still, the images did not meet the definition of sexual conduct as defined

by section 43.25(a)(2) of the Texas Penal Code, nor as lewd as defined by section 43.262 of the Texas Penal Code.  Recognizing the patient had not committed a crime and was not in possession of child pornography or lewd images of children as defined in the penal code, Sgt. Martin and the patient agreed deleting the images was the best course of action so the nurse treating the patient would not be uncomfortable providing care to the patient.  Having determined that the photos on the patient's computer did not meet the definition of child pornography or lewd material as defined by the Texas Penal Code, Sgt. Martin left the patient's room.  In response to her question about a report number, Sgt. Martin advised Ms. Brumley that he would not take additional steps and would not take additional investigative action, as it wasn't warranted based upon Sgt. Martin's observations.

12.     On January 19, 2022, Defendant, Kimberly Brumely met with Detective Leslie McGee of the Fort Worth Police Department's Special Investigative Unit.   Defendant Brumley told the detective her version of what  Fort Worth Police Department Following the meeting with the patient and Sgt. Martin, Ms. Brumley stated she was most bothered by the image a fully clothed girl playing on a playground and wondered if the girl might be a "victim".  Ms. Brumley stated during an interview that despite the fact that the patient had no criminal history and was not a registered sex offender, she kept thinking about the fully clothed girl the photo and wondering if she was a victim or potential victim.  At the risk of redundancy, Ms. Brumley's fear was imagined and not supported by facts or law as the photo in question contained fully clothed adults and other fully clothed children.  Interviews and statements given by Ms. Brumley made clear she was unable to separate her feelings about adult pornographic images on the patient's computer from separate images of children that did not meet the definition of child pornography.  At any rate, it was Ms. Brumley imagined fear that caused her to second guess Sgt. Martin's interpretation of the law and

initiate the steps that eventually led to Sgt. Martin's termination and arrest.  For context, it must be noted that Ms. Brumley's husband is a police officer.  Ms. Brumley often used law enforcement acronyms during her interview with Fort Worth Police Department detectives.  Additionally, she referenced the different type of reports that can be made by Fort Worth police officers during her interview with Fort Worth Police Department detectives.  The use of Fort Worth Police Department acronyms and different report types demonstrated knowledge of Fort Worth Police Department procedure.

13.     While meeting with members of the Fort Worth Police Department Special Investigations Unit (SIU), a unit that investigates City of Fort Worth police officers, Ms. Brumley told detectives that Sgt. Martin told the patient that members of a "specialized unit" would be coming to see him about the images on his computer.  In fact, Sgt. Martin never made such a statement.  It was that allegation, in part, that was used by the City of Fort Worth Police Department to justify arresting Sgt. Martin, charging him under section 37.09 of the Texas Penal Code with Tampering with Evidence, and terminating his employment.  The charge of Tampering with Evidence requires that the actor know an investigation was ongoing or imminent.  Multiple interviews conducted by the SIU detectives, made it clear the patient was not in possession of material that met the definition of child pornography or possession of lewd images of children.  Not once during any investigative interview did a witness describe an image that met the definition of child pornography or lewd as defined by the Texas Penal Code.  Ms. Brumley commented during her interview that she saw "National Geographic type images", as well as pictures of what appeared to be entire families in a nudist colony.  The City of Fort Worth, by and through its Fort Worth Police Department employees was aware that while some of the witnesses referred to the images as child pornography that images did not meet the definition of child pornography.   As such, the detectives placed significant

emphasis on Ms. Brumley's claim that Sgt. Martin allegedly told the patient a "specialized unit" would be contacting him.  Without that claim, City of Fort Worth detectives would have been unable to assert their threadbare claim for tampering with evidence.  Here, it cannot be stated strongly enough: the images on the patient's computer did not meet the definition of child pornography under the Texas Penal Code.  As such, Sgt. Martin was not required to conduct additional investigation and did not intend to conduct additional investigation.  Contrary to her claim that Sgt. Martin told the patient a "specialized unit" would be contacting him, Ms. Brumley admitted to detectives that Sgt. Martin told her he would not be creating a report because there was no evidence the patient committed a crime.  As such, her claim that Sgt. Martin told the patient a specialized unit would be contacting him was illogical when you consider that Defendant Brumley admits Sgt. Martin told her he was not be creating a reporting or conducting additional investigation.

14.    Based almost exclusively on the statement of Ms. Brumley, the Fort Worth Police Department executed a search warrant on the patient's room on January 16, 2022, and took possession of his computer.  That same day, although the patient was not in possession of child pornography, the City of Fort Worth, by and through a Fort Worth Police Department officer directed Sgt. Martin to write a report for Possession of Child Pornography.  The City of Fort Worth remained in exclusive control of the patient's computer from January 16, 2002, onward.  Communication between City of Fort Worth Police Department employees made clear that any deleted images meeting the definition of child pornography will still be on the hard drive and recoverable.  According to City of Fort Worth records, on January 26, 2022, the City of Fort Worth Digital Forensics Laboratory received the patient's computer from the detective.  A report detailing the findings and work of the Digital Forensics Laboratory was prepared on January 31, 2022.  The

report is silent as to when the computer was examined.  Regardless of the examination date, as of January 31, 2022, the City of Fort Worth absolutely knew nothing on the computer it had been in possession of since January 16, 2022, met the definition of child pornography or lewd material of children.  Further still, according to the City of Fort Worth's own report, if any images were lost, it was the fault of its officers as they had been in possession of the computer for more than two weeks at the time of the report.  Despite having that information, the City of Fort Worth still suspended Sgt. Martin without pay, actively sought to have him indicted, arrested him, and fired him all after it knew the images recovered by the City of Fort Worth's Digital Forensics Laboratory did not meet the definition of child pornography.  In fact, while the patient should not have been arrested at all, the City of Fort Worth abandoned its hope of charging the patient with possession of child pornography and the arrested for the patient for lesser crime of possession of lewd material.  The Grand Jury refused to indict the patient as the images did not meet the definition of lewd material and his case was No-Billed.

15.     Despite the fact that the patient's computer did not contain child pornography or lewd material, the Fort Worth Police Department working with Kimberly Brumley in the course and scope of her employment with Texas Health Resources worked to have Sgt. Martin and the patient each arrested.  The patient – in his 70's – was arrested and spent a week in jail.  The patient's case was No-Billed about three months after his March 2022 arrest.  Sgt. Martin was also arrested and spent two calendar days in jail.  Sgt. Martin's case was dismissed over a year later – after nearly 20 court settings – ostensibly for the same reason the patient's case was No-Billed.  That is, there was no child pornography or lewd material of children on the patient's computer.  In fact, the Tarrant County Assistant District Attorney assigned to Sgt. Martin's case referenced the absence of child pornography and the dismissal of the patient's case on Sgt. Martin's dismissal order.  In

other words, when the Assistant District Attorney appropriately dismissed Sgt. Martin's case in August of 2023, she referenced the case number and reasoning used to No-Bill the patient's case in June of 2022.

16.     It cannot be emphasized strongly enough that Sgt. Martin had not committed a crime.  (The patient had not committed a crime.)  Nevertheless, Sgt. Martin was placed on leave without pay on March 25, 2022, arrested on March 29, 2022, and terminated in July of 2022.  For chronological clarity, and emphasis, it should be noted that the patient's case was No-Billed in June of 2022 and the City of Fort Worth terminated Sgt. Martin in July of 2022.  That is, the City of Fort Worth knowing the patient was not in possession of child pornography, lewd material of children or anything else illegal, still terminated Sgt. Martin for getting the patient's permission to remove photos from his computer so that the hospital staff would be more comfortable providing care to the patient.

17.     Recognizing that his career was on the line, that his character was in question, and that his freedom was at stake, Sgt. Martin voluntarily submitted to a lie detector test with a Dallas-Fort Worth behavioral sciences expert that is often relied upon by law enforcement throughout the Dallas-Fort Worth metropolitan area.  The test was designed to see (1) whether Sgt. Martin was being truthful when he repeatedly declared the images he saw on the patient's computer did not meet the definition of child pornography, and (2) whether Sgt. Martin tampered with evidence knowing that the patient had committed a crime.  The result of the polygraph examination was clear and undisputed.  Sgt. Martin was being truthful or as behavioral scientist say, "not practicing deception".

**MALACIOUS PROSECUTION BY KIMBERLY BRUMLEY**

18.     The facts stated hereinabove are restated and incorporated by reference for purposes of the Malicious Prosecution cause of action.  As indicated above:

A.     A prosecution was commenced against Plaintiff.

B.     Defendant, Kimberly Brumley initiated  the prosecution of Plaintiff.

C.     The prosecution was terminated in Plaintiff's favor in that it was dismissed.  The dismissal was not the result of a compromise agreement with the prosecuting attorneys.

D.     Plaintiff was innocent of the charges brought against him.

E.     Defendant, Kimberly Brumley did not have probable cause to initiate a prosecution against Plaintiff.

F.     Defendant, Kimberly Brumley acted with malice in that none of the images she saw met the definition of child pornography and she was aware of it.  In fact, her statement to investigators made it clear that she was aware that "bathtub" type images of children, i.e, images that were not sexual in nature are not child pornography.  Defendant, Kimberly Brumley also told multiple witnesses that she was most disturbed by the image of a fully clothed girl playing in the park.  In retelling this portion of the incident, Kimberly Brumley failed to tell investigators and witnesses the image included multiple fully clothed children and multiple fully clothed adults.

G.     Defendant Brumley made a knowingly false statement when she told investigators that Plaintiff told the patient that someone from "a specialized unit" would be contacting him.  In fact, Sgt. Martin never made this statement and Defendant, Brumley admitted Sgt. Martin told her he didn't plan to take additional action as he didn't observe anything that constituted a crime.

H.     The prosecution initiated by Defendant, Kimberly Brumley caused Plaintiff to suffer damages in that he was arrested, terminated from two jobs, received unfavorable depiction in the media, and lost his peace officer license.

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS KIMBERLY BRUMLEY**

19.    The facts stated herein are restated and incorporated by reference for purposes of the Intentional Infliction of Emotional Distress Cause of Action.  As indicated above:

A.    Plaintiff, Sgt. Martin is a person.

B.    Defendant, Kimberly Brumley acted intentionally or recklessly, when she told investigating officers that Sgt. Martin advised the patient members of a specialized unit would be contacting him about images on his computer that did not meet the definition of child pornography.

C.    The emotional distress suffered by Sgt. Martin, a Master Peace Officer, was severe as he was terminated from his employment, disparaged in the media, indicted, arrested, jailed, and made to appear in court on multiple occasions as the charge against him was set for court approximately 20 times before it was dismissed.

D.    Defendant, Kimberly Brumley's behavior was outrageous.  According to her own statements, she was most bothered by images of a fully clothed little girl playing in a park.  Per her own statement, she imagined something bad happening to the girl and was upset the patient had that image on the same computer – not the same image – that contained adult pornographic images.  In fact, per Defendant Kimberly Brumley Sgt. Martin told her he would not be writing a report or conducting additional investigation.  Considering that Defendant, Kimberly Brumley told officers that she saw "National Geographic type images" from the 70's and 80's of entire families in a nudist colony, her efforts to have Sgt. Martin arrested based upon her false claim that Sgt. Martin told the patient members of a specialized unit would be contacting him about child pornography were all the more extreme and outrageous.

E.    Defendant, Kimberly Brumley's conduct and everything that occurred because of her conduct proximately caused Plaintiff's emotional distress.

F.      No alternative cause of action would provide a remedy for the severe emotional distress caused by Defendant, Kimberly Brumley's conduct.

## LIABILITY FOR TEXAS HEALTH RESOURCES UNDER
## THE THEORY OF RESPONDEAT SUPERIOR

20.     The facts stated herein or restated and incorporated by reference.  Plaintiff hereby asserts liability for Texas Health Resources for the torts of Defendant, Kimberly Brumley under the theory of Respondeat Superior in that:

A.      Plaintiff was injured as a result of the Malicious Criminal Prosecution precured by Defendant, Kimberly Brumley as well as the Intentional Infliction of Emotional Distress inflicted on Plaintiff by the actions of Defendant, Kimberly Brumley;

B.      Defendant, Kimberly Brumley was an employee of Texas Health Resources at the time of the acts complained of herein;

C.      Defendant, Kimberly Brumley committed the torts complained of herein while acting in the course and scope of her employment with Texas Health Resources.  More particularly, Defendant, Kimberly Brumley acted within her authority as a supervising nurse when she sought the arrest and indictment of Plaintiff based upon information and evidence indicating that Plaintiff had not committed a crime.  Defendant, Kimberly Brumley performed these acts in furtherance of the Texas Health Resources business and for the accomplishment of the objective for which Defendant, Kimberly Brumley was to perform in her role as a supervising nurse for Texas Health Resources.

## LIABILITY FOR THE CITY OF FORT WORTH FOR VIOLATING
## PLAINTIFF'S CIVL RIGHTS

21.     As described herein, acting under color of law, Defendant, City of Fort Worth deprived Plaintiff of his civil rights.  More specifically, Defendant City of Fort Worth denied Plaintiff his right to substantive due process when it arrested, confined, and fired Plaintiff although he had not broken any laws.   Furthermore, Defendant, City of Fort Worth continues to exercise control of Plaintiff's Texas Peace Officer license making it impossible for Plaintiff to work as a peace officer.

## CONDITIONS PRECEDENT

22.     All conditions precedent to this litigation have been met.

## DAMAGES

23.     Plaintiff sustained injuries and damages as a direct and proximate result of the Defendants' acts and omissions complained of herein.  As a direct and proximate result of the occurrence made the basis of this lawsuit Plaintiff has incurred the following damages:

       a.      Lost wages in the past;

       b.      Lost wages in the future;

       c.      Mental Anguish in the past;

       d.      Mental Anguish in the future;

       e.      Loss of reputation in the past;

       f.      Loss of reputation in the future.

## JURY DEMAND

24.     Pursuant to Federal Rule of Civil Procedure 38, Plaintiff requests a trial by jury.

## PRAYER

25.     WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the

Defendants be cited to appear and answer herein, and that upon a final hearing of the cause,

judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an

amount within the jurisdictional limits of the Court; together with pre-judgment interest (from

the date of injury through the date of judgment) at the maximum rate allowed by law; post-

judgment interest at the legal rate, costs of court; and such other and further relief to which the

Plaintiff may show himself to be entitled by law or in equity.

Respectfully submitted,
THE WASHINGTON FIRM, P.C.


By: **/S/ Nate Washington**
Nate Washington
Texas Bar No. 24042126
1000 Macon St., Ste. 300
Fort Worth, TX  76102
Tel. 817.339.1406
Fax. 817.339.1407
Email: njw@thewfirm.com
Email: litigation@thewfirm.com – *for service*
Attorney for Plaintiff


## CERTIFICATE OF SERVICE

I certify that a copy of the forgoing was served on all Attorneys of Record in accordance with
Federal Rule of Civil Procedure 5 on June 27, 2024.

**/S/ Nate Washington**
**Nate Washington**