UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**RODSDRICKE MARTIN,**

 Plaintiff,

v.           No. 4:24-CV-00480-P

**CITY OF FORT WORTH, ET AL.,**

 Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Texas Health Resources Corporation ("THR")'s Motion to Compel Arbitration. ECF No. 12. Having considered the Motion and applicable law, the Court concludes the Motion should be and hereby is **GRANTED**.

## BACKGROUND

Plaintiff Rodsdricke Martin ("Martin") was employed by THR until he was fired in April 2022. Thereafter, Martin sued THR under the theory of *respondeat superior*, seeking to hold it liable for the alleged tortious actions of one of its employees, Kimberly Brumley ("Brumley").[1] THR filed this present Motion claiming that Martin's claims against it and Brumley are subject to a valid and binding arbitration agreement. While the certificate of conference attached to THR's Motion indicates that Martin is opposed, Martin has wholly failed to respond.[2]

---

[1] As of the date of this order, Brumley—who is a named defendant in this case—has not been served with process nor has she filed an answer.

[2] The Court notes that the other defendant in this case, the City of Fort Worth, has indicated that they are unopposed to the Motion.

## LEGAL STANDARD

Federal courts have become increasingly pro-arbitration for the past several decades. *See, e.g.*, *Gilmer v. Interstate Johnson Lane Corp.*, 500 U.S. 20, 30 (1991) (recognizing the "current strong endorsement of the federal statutes favoring [arbitration]"). Simply put, "[a]rbitration is favored in the law." *Grigson v. Creative Artist Agency, LLC*, 210 F.3d 524, 526 (5th Cir. 2000). Accordingly, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). This presumption is baked into the very fabric of the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. §§ 1–16.

The FAA provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Thus, "there is a strong presumption in favor of arbitration and a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity." *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004). Beyond the general pro-arbitration presumption, the Fifth Circuit applies an intuitive two-step analysis in determining whether parties should be compelled to arbitrate a dispute: (1) whether there is a valid agreement to arbitrate; and (2) whether the plaintiff's claim is covered by the arbitration agreement. *Lloyd's Syndicate 457 v. FloaTEC, L.L.C.*, 921 F.3d 508, 514 (5th Cir. 2019). Under Texas law, a party who seeks to compel arbitration has the initial burden to establish the existence of an arbitration agreement and to show that the asserted claims fall within its scope. *See In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999), *abrogated on other grounds by In re Halliburton Co.*, 80 S.W.3d 566, 571–72 (Tex. 2002); *Wachovia Sec. LLC v. Emery*, 186 S.W.3d 107, 113 (Tex. App.—Houston [1st Dist.] 2006, no pet.). If the party seeking to compel arbitration establishes the existence of an arbitration agreement, the burden shifts to the party opposing arbitration to show why the agreement should not be enforced. *In re Sands Bros. & Co.*, 206 S.W.3d 127, 129–30 (Tex. App.—Dallas 2006, no pet.); *see Carter*, at 297, 301.

2

## ANALYSIS

THR furnished a facially relevant arbitration agreement. *See* ECF No. 14 at 4–6 (Exhibit A-1). As the party resisting arbitration, Martin bears the burden in proving the arbitration agreement was defective, invalid, or otherwise inapplicable. *See Carter*, 362 F.3d at 297. Because Martin wholly failed to respond, he has failed to do so. Consequently, the Court's analysis needs only to focus on the second step of *Lloyd's Syndicate* test: whether Martin's *respondeat superior* claim is covered by the arbitration agreement. *See generally* ECF No. 13 at 6–8; *see also Lloyd's Syndicate 457*, 921 F.3d at 514.

As relevant to this Motion, Martin alleges that THR is liable for the torts committed by Brumley. ECF No. 11 at 11. Martin alleges two tort claims against Brumley: malicious prosecution and intentional infliction of emotional distress. *Id.* at 8–11. THR argues that these claims fall within the relevant provisions of the arbitration agreement. ECF No. 13 at 8–9. *Inter alia*, the arbitration agreement provides:

> all legally cognizable claims arising from my employment at Texas Health and/or the termination or separation of that employment to mutually binding arbitration. . . . Claims covered by this Agreement include, but are not limited to, claims involving harassment, discrimination or retaliation; wages, overtime, or other compensation; breach of any express or implied contract; negligence, defamation, assault, battery, or other tort. . . .
>
> . . . .
>
> Claims subject to this Agreement include claims against the Texas Health's parents, subsidiaries, affiliates, alleged agents, and alleged joint or co-employers, and their respective directors, officers, employees, and agents, whether current, former, or future.

ECF No. 14 at 4–5 (Exhibit A-1).

The arbitration agreement explicitly applies to Martin's claims against THR and Brumley. Martin's claims arise out of the alleged

tortious acts taken by a fellow THR employee that resulted in the termination of his employment with THR. *See generally* ECF No. 11. Such claims are explicitly covered by the arbitration agreement. *See* ECF No. 14 at 4–5 (providing that the arbitration agreement covers "claims arising from [Martin's] employment at Texas Health and/or the termination or separation of that employment," claims involving torts, and "claims against the Texas Health's . . . employees.").

While resisting arbitration is difficult in the best cases, it is impossible when you fail to respond. THR has shown the existence of a valid and enforceable arbitration agreement, and that the agreement covers Martin's claims. In contrast, Martin failed to carry his burden of showing that the arbitration agreement was defective, invalid, or otherwise inapplicable. Accordingly, THR's Motion is **GRANTED**.

## CONCLUSION

Having found that THR has satisfied the two-prong test under *Lloyd's Syndicate*, the Court **GRANTS** THR's Motion to Compel Arbitration and **STAYS** this case pending resolution of the arbitration process.

**SO ORDERED** on this **26th day** of **September 2024.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE